**ELIZABETH HORSMAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, Montana 59626**
**Phone: (406) 457-5269**
**FAX: (406) 457-5130**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

FILED
GREAT FALLS DIV.
'07 JAN 23 PM 3 58
PATRICK E. DUFFY, CLERK
BY ____________
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DARREN WILLIAM LEHUNE,**<br><br>**Defendant.** | **CR 06-36-GF-SEH**<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Elizabeth Horsman, Assistant United States Attorney for the District of Montana, and the defendant, DARREN WILLIAM LEHUNE, and his attorney, ANTHONY R. GALLAGHER, have agreed upon the following:

1. The defendant acknowledges that he has been charged in the indictment in this case with seven counts: Count I, Misuse of a Social Security Number, in violation

EH DWL ARG Date 1/23/07

of 42 U.S.C. §408 (a) (7) (B); Count II, Wire fraud, in violation of Title 18 U.S.C. §1343; Count III, Aggravated identity theft, in violation of 18 U.S.C. § 1028A (a)(1); Count IV, Bank fraud, in violation of Title 18 U.S.C. §1344; Count V, Aggravated identity theft, in violation of 18 U.S.C. § 1028A (a)(1); Count VI, Interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312; and Count VII, Interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312.

2. The defendant has read the charges against him contained in the indictment and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

4. The defendant will enter voluntary pleas of guilty to Counts II, III, IV, and VII of the indictment.

5. *Nature of the Agreement*: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided the United States makes the recommendations contained in ¶12 and ¶14. The defendant understands that even if the Court does not accept or follow the recommendations made by the United States, he will not have an automatic right to withdraw his plea. Rule 11(c)(3)(B), Federal Rules of Criminal Procedure.

*Effect of Withdrawal from the Agreement:* The parties stipulate and agree that if the defendant moves to withdraw his guilty pleas, entered pursuant to and receiving the

CER EH   DWL   ARG ARG   1/23/07 Date

benefits of this agreement, and if he successfully withdraws his plea either in the district court or on appeal, this agreement will become null and void.

Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count or counts of conviction for any reason, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any claim of double jeopardy or right to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6. *Admission of Guilt:* The defendant will plead guilty because he is, in fact, guilty of Counts II, III, IV, and VII as charged in the indictment. In pleading guilty, the defendant acknowledges the following:

> *Regarding Count II:* From on or about December 14, 2004, and continuing until on or about March 4, 2005, at Roundup, Montana, and other places, the defendant, DARREN WILLIAM LEHUNE, knowingly devised a material scheme or artifice to defraud, or obtain money or property by causing to be transmitted by wire communication in interstate commerce, writing, signs, pictures or sounds for the purpose of executing such scheme or artifice, by his making of false statements as to identity, identifying information, employment, wages and other material fact, in an application to the General Motors Acceptance Corporation (GMAC) for financing the purchase of a vehicle, specifically a 2005 Chevrolet 2500 pickup truck, vehicle identification number IGCHR29U55E135760, in violation of Title 18 U.S.C. §1343.

> *Regarding Count III:* On or about December 14, 2004, in Roundup, Montana, the defendant, DARREN WILLIAM LEHUNE, did knowingly use, without lawful authority, a means of identification of another person, that is, the name and

EH DWL ARG 1/22/07 Date

Social Security number of *David W. Bernert*, during and in relation to a felony violation of 18 U.S.C. § 1343, concerning wire fraud, in violation of 18 U.S.C. § 1028A (a)(1).

*Regarding Count IV:* On or about December 29, 2004, at Butte, Montana, the defendant, DARREN WILLIAM LEHUNE, knowingly executed a material scheme or artifice to obtain moneys or funds owned by or under the custody and control of a federally insured financial institution, that is, Eaglemark Savings Bank, by means of false or fraudulent pretenses, representations and promises, by making statements known by him to be false as to identity, identifying information, employment, wages, and other material facts, in the purchase of a vehicle, specifically a 2005 Harley-Davison motorcycle, vehicle identification number 1HD1FVW155Y618566, in violation of Title 18 U.S.C. §1344.

*Regarding Count VII:* That between December 29, 2004 and April 1, 2005, in Montana, and other places, the defendant, DARREN WILLIAM LEHUNE, did transport in interstate commerce a stolen motor vehicle, specifically a 2005 Harley-Davidson motorcycle, vehicle identification number 1HD1FVW155Y618566, by taking it from Butte, Montana, to Wyoming, Texas, and other places, knowing or having reason to know that the vehicle was in fact stolen, in violation of 18 U.S.C. § 2312.

7. *Maximum Punishment Provided by Law:* The defendant understands that the following charges, to which he will plead guilty, carry the following maximum penalties: Counts II and IV, a maximum penalty of thirty years imprisonment and a fine up to $1,000,000; Count III, two years imprisonment in addition to punishment for the underlying felony [Count II]; and Count VII, ten years imprisonment and a fine up to $250,000. The defendant also understands that Counts II and IV are Class B felonies under 18 U.S.C. § 3559(a)(2), which provides for a maximum term of supervised release of five years. 18 U.S.C. § 3583(b)(1). The defendant further understands that Count VII is a Class C felony under 18 U.S.C. § 3559(a)(3), which provides for a maximum term of supervised release of three years. 18 U.S.C. § 3583(b)(2).

CEH DWL ARG 1/23/07
EH DWL ARG Date

The defendant also understands that restitution to the victims of these crimes is mandatory. 18 U.S.C. § 3663A(c)(1).

8. *Elements of the Charges:* The defendant has been advised of the nature of the charges made against him and the elements of the crimes to which he is entering a guilty plea. The defendant understands that if the case were to go to trial the government would be required to prove each and every element of each crime. He further acknowledges that these are the elements of the crimes charged in the indictment to which he will plead guilty under this agreement:

Count II
Wire Fraud

*First,* the defendant knowingly devised a scheme to defraud; and

Second, the defendant used the wires to further the scheme.

Count III
Aggravated Identity Theft

*First,* the defendant committed wire fraud, as alleged in Count II; and

*Second,* the defendant did knowingly use, without lawful authority, a means of identification of another person.

Count IV
Bank Fraud

*First,* the defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises;

*Second,* the defendant knew that the statements or promises were false;

*Third,* the statements or promises were material, that is they would reasonably influence a bank to part with money or property;

*Fourth,* the defendant acted with the intent to defraud; and

EH DWL ARG 1/23/07 Date

*Fifth,* the financial institution was federally insured at the time of the offense.

Count VII
Interstate Transportation of a Stolen Vehicle

*First,* the defendant moved a stolen motor vehicle from one state to another;

*Second,* the defendant knew it was stolen at the time the vehicle moved across state lines; and

*Third,* the defendant intended to deprive the owner of the vehicle of its use temporarily or permanently.

The defendant understands that by entering guilty pleas to the above counts, the government will not be required to present proof of his guilt and the elements recited herein because there will be no trial if the Court accepts his pleas of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

(a) During the entry of any plea pursuant to this plea agreement, the government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives during any such plea colloquy.

(b) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons

EH DWL ARG 1/23/07 Date

selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(g) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, he could testify in his own behalf.

(h) If convicted, and within 10 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal his conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would

EH DWL ARG 1/23/07 Date

entitle him to reversal of the conviction.

10. *Waiver of Rights by Plea:* The defendant understands that by pleading guilty pursuant to this agreement he is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

11. *Waiver of FOIA:* The defendant knowingly, expressly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. *Recommendations:* The United States will recommend that the defendant be given a two point credit for acceptance of responsibility.

**The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing guideline calculation. The United States further reserves the right to object to any request for a sentence outside the advisory guideline range determined by the Court. The United States will object to making any term of incarceration imposed in this case concurrent to any other sentence the defendant may be serving.**

**Both parties acknowledge that the Court is not bound by the**

EH DWL ARG 1/23/07 Date

**recommendations of either party and may sentence the defendant to a sentence anywhere within the advisory guideline range or may impose any reasonable sentence outside that guideline range.**

**Although advisory, the parties agree that the United States Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.**

13. *Effect of Early Decision:* If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and his offense level is 16 or greater, and if the defendant files this agreement or a Motion for Change of Plea Hearing at least 14 days prior to the date now set for trial, the United States will move the Court at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to §3E1.1(b).

14. *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause to be dismissed with prejudice Counts I, V, and VI. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

15. *Voluntary Plea:* The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other

EH DWL ARG 1/22/07 Date

than those set forth in this agreement to induce defendant to plead guilty.

16. *Special Assessment/ Financial Obligations:* The defendant recognizes that he will be responsible for a mandatory assessment of $100 on each count pursuant to 18 U.S.C. § 3013 of the Comprehensive Criminal Control Act. The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

17. *Detention/Release After Plea:* Pursuant to 18 U.S.C. § 3143(a)(1), the defendant acknowledges that he will remain in detention pending sentencing.

18. *Entire Agreement:* Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or

EH DWL ARG 1/22/07 Date

condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

Dated this 23rd day of January, 2007.

WILLIAM W. MERCER
United States Attorney

ELIZABETH HORSMAN
Assistant U.S. Attorney

DARREN WILLIAM LEHUNE
Defendant

ANTHONY R. GALLAGHER
Defense Counsel



EH DWL ARG Date 1/23/07