**ELIZABETH HORSMAN**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5269
FAX:    (406) 457-5130

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 06-36-GF-SEH |
|---|---|
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| DARREN WILLIAM LEHUNE, | |
| Defendant. | |

    The defendant may appear before the Court to change his pleas of not guilty to pleas of guilty with respect to Counts II, III, IV and VII of the indictment in this case. The United States submits this Offer of Proof to provide the factual basis for the defendant's pleas of guilty to these four counts.

    In order for the defendant to be found guilty of the charges contained in the indictment to which he will plead guilty, the United States must prove each of the

following elements beyond a reasonable doubt:

## Count II
## Wire Fraud

*First,* the defendant knowingly devised a scheme to defraud by obtaining money or property by means of material false pretenses, representations, or promises;

*Second,* the defendant used wire communication to further the scheme; and

*Third,* the defendant acted with the intent to defraud.

## Count III
## Aggravated Identity Theft

*First,* the defendant committed wire fraud, as alleged in Count II; and

*Second,* the defendant knowingly used, without lawful authority, a means of identification of another person.

## Count IV
## Bank Fraud

*First,* the defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises;

*Second,* the defendant knew that the statements or promises were false;

*Third,* the statements or promises were material, that is they would reasonably influence a bank to part with money or property;

*Fourth,* the defendant acted with the intent to defraud; and

*Fifth,* the financial institution was federally insured at the time of the offense.

## Count VII
## Interstate Transportation of a Stolen Vehicle

*First,* the defendant moved a stolen motor vehicle from one state to another;

*Second,* the defendant knew it was stolen at the time the vehicle moved across state lines; and

*Third,* the defendant intended to deprive the owner of the vehicle of its use temporarily or permanently.

If called upon to prove this case at trial, the United States would present the following evidence to prove the elements of the charged offenses:

1. On April 11, 2005, the Immigration and Customs Enforcement (ICE) resident agency in Casper, Wyoming, specifically Special Agent Dustin Wiatrek, was notified by the Campbell County, Wyoming, Sheriff's Office that they had in custody the defendant, Darren William Lehune, a Canadian citizen. The defendant had been arrested in Missouri and extradited to Wyoming on state charges of larceny and theft of a F450 pickup truck and a Titan horse trailer. Special Agent Wiatek confirmed that the defendant is a Canadian citizen present illegally in the United States. Wiatrek also learned of other possible criminal conduct by the defendant in or related to Montana and contacted the ICE resident agency in Montana. A joint investigation of the additional conduct ensued from which agents developed the following facts.

2. On or about October 25, 2004, the defendant began work for Faith Drilling, Chinook, Blaine County. He represented himself to be David W. Bernert, Austin, Texas. The defendant provided false identifying information belonging to Bernert to Faith Drilling. The defendant's employment with Faith Drilling terminated on or about December 12, 2004.

3. On or about December 14, 2004, the defendant appeared at the Musselshell Equipment Sales Company, Inc., a Chevrolet dealership in Roundup, Montana. The defendant falsely represented himself to be David W. Bernert and filled out a standard "Retail Installment Sale Contract, GMAC Flexible Finance Plan," a credit application to purchase a new 2005 Chevrolet 2500 extended cab pickup truck. On the "GMAC Credit/Lease Application" as submitted to GMAC, the defendant wrote or otherwise confirmed as true the following false information:

    A. That he was David Bernert, by providing the real David Bernert's name, Social Security number (SSN) and date of birth;

    B. That he was employed by Faith Drilling when, in fact, that employment had terminated; and

    C. That he had been employed by Faith Drilling for two years when, in fact, he was employed by them approximately 6 weeks.

4. The "GMAC Credit/Lease Application" signed by the defendant states that it would be submitted to GMAC or an affiliate financial institution in Southfield, Michigan, or Little Rock, Arkansas. The form itself is

        computerized and was sent by electronic mail (e-mail) to GMAC.  GMAC acknowledged the application by e-mail.  An electronic version of the final application was printed out based upon the e-mailed information, the defendant signed it, and a hard copy was mailed to GMAC.

5. Through the fraudulent scheme and artifice above-described, the defendant obtained possession and control of GMAC moneys or funds with which he purchased the 2005 Chevy pickup truck, VIN # IGCHR29U55E135760.  The amount financed exceeded $30,000.

6. On December 29, 2004, the defendant appeared in Butte, Montana, at Thunderbolt Harley-Davidson, a Harley Davidson (HD) motorcycle dealership.  He filled out an "Eaglemark Savings Bank, Credit Application – Customer Statement" as part of the financing process for a 2005 HD motorcycle, VIN #1HD1FVW155Y618566.  The total purchase price was $18,335 after accessories.  On the credit statement, the defendant makes the following material false representations:

    A. That he was David Bernert, by providing David Bernert's name, Social Security number (SSN) and date of birth;

    B. That he was employed by Faith Drilling when, in fact, that employment had terminated; and

    C. That he had been employed by Faith Drilling for 4.5 years when, in fact, he was employed by them approximately 6 weeks; and

    D. That the length of time at the address (unknown to dealer to be a motel in Roundup, Montana) was 4 years, when in fact was less than 2 months.

7. The Eaglemark Savings Bank is a financial institution as defined in federal law, and its deposits are insured by the U.S. government through the Federal Deposit Insurance Corporation (FDIC).  FDIC insurance was also in effect on the date of the defendant's application for and receipt of funds from Eaglemark Savings Bank to purchase the 2005 HD motorcycle through Thunderbolt Harley-Davidson.  The FDIC certificate and a letter stating insurance was in effect at time of the fraudulent scheme or artifice is contained in the government's evidence.

8. Through the above fraudulent scheme and artifice above described, the defendant on December 29, 2005, obtained possession and control over Eaglemark Saving Bank moneys or funds with which to purchase the 2005 HD motorcycle.

9. The defendant transported, or caused to be transported, in interstate commerce the HD motorcycle, VIN #1HD1FVW155Y618566. He did so by removing the vehicle from Montana to Wyoming, and further to Texas where it was ultimately found. It was there recovered in San Antonio, Texas, on March 28, 2005, after the defendant had abandoned it upon an accident near there. The motorcycle was identified by its true VIN #. In addition, two weeks prior to that abandonment, the defendant had been stopped on the same motorcycle by a Texas State Trooper who is prepared to testify at trial.

10. The real David Bernert was contacted in Austin, Texas, on March 3, 2005, and in March 2006 by the Campbell County, Wyoming, Sheriff's Office. The United States Attorney's Office has also had contact with Bernert. On every occasion, Bernert stated he never gave permission to the defendant to use his identity in any manner. Bernert would testify about several facts, including that:

    A. He met the defendant in Austin in September 2004. The defendant then gave his name as "Bill Knight," a false name;

    B. The defendant had met a female friend of Bernert's in Alaska while posing as Knight and he there became employed as a fishing guide. Bernert's friend become "engaged" to the defendant while in Alaska for the summer, and brought the defendant to Texas. Bernert agreed to let the defendant stay in his house as a favor to his friend.

    C. Bernert went out of town on or about October 14, 2004. His Mercedes car, his passport, his Social Security card, approximately $5,000 in cash, and the defendant, were missing when he returned. Bernert's Mercedes was recovered approximately one month later in Dallas, Texas, with $4,000 in damage.

    D. Since the theft of his identity by the defendant, Bernert has learned that the defendant used his Social Security number and credit to obtain cell phone accounts, a pickup truck, and a motorcycle. As of March 2006, Bernert was still working to clear up the damage to his credit.

11. Approximately ten days or less after Bernert last saw the defendant in Dallas, the defendant was first seen in Chinook, Montana.

12. The defendant was arrested in Missouri on or about April 1, 2005, on the Wyoming theft and larceny warrants pertaining to another pickup truck and a Titan horse trailer referenced in paragraph 1. The victims in that case

were not the same as the victims in this case.  The defendant has pleaded guilty to those charges and is presently serving a state sentence.

## REGARDING DETENTION

The defendant was serving a Wyoming prison term when brought before this court to face the Montana federal indictment.  The defendant is also subject to an immigration detainer, and one or more arrest warrants in Canada.  For these reasons, the defendant must remain detained pending sentencing.

Respectfully submitted this 23rd day of January, 2007.

      WILLIAM W. MERCER
      United States Attorney


      /s/ Elizabeth Horsman
      ELIZABETH HORSMAN
      Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2007, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
|   1, 2   | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.    Clerk, U.S. District Court

2.    Mr. Anthony R. Gallagher
      FEDERAL DEFENDERS OF MONTANA
      P.O. Box 3547
      Great Falls, MT 59403

                                  /s/ Elizabeth Horsman
                                  ELIZABETH HORSMAN
                                  Assistant U.S. Attorney